IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANTOS MONTERRUBIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| KIRSTJEN M. NIELSEN,[1] Secretary, | § | |
| U.S. Department of Homeland, | § | |
| Security; LEE F. CISSNA, | § | CIVIL ACTION NO. H-17-3916 |
| Director, U.S. Citizenship and | § | |
| Immigration Services; and MARK | § | |
| SIEGL, Houston Field Office | § | |
| Director, U.S. Citizenship and | § | |
| Immigration Services, In Their | § | |
| Official Capacities, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Santos Monterrubio ("Monterrubio" or "Plaintiff") brings this action against defendants, Kirstjen Nielsen, Secretary, U.S. Department of Homeland Security; Lee F. Cissna, Director, U.S. Citizenship and Immigration Services ("USCIS"); and Mark Siegl, Houston Field Office Director, U.S. Citizenship and Immigration Services, in their official capacities (collectively, "Defendants") seeking declaratory and injunctive relief. Pending before the court is Defendants' Motion to Dismiss (Docket Entry No. 7). For the reasons stated below, the court will grant Defendants' Motion to Dismiss.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Kirstjen M. Nielsen automatically replaces former Acting Secretary Elaine Duke.

I.  **Background**[2]

Monterrubio is a citizen of Mexico who was admitted to the United States as a lawful permanent resident in 1978. On April 23, 1990, a grand jury of Harris County, Texas, indicted Monterrubio for indecency with a child by contact.[3] Monterrubio entered a plea of nolo contendere to the charge in the indictment.[4] The Judgment identifies the "Date of Judgment" as October 30, 1990.[5] But the court "withheld finding [Monterrubio] guilty of the offense indicated above, a felony."[6] On March 4, 1991, the court sentenced him to ten years of confinement.[7]

Monterrubio filed an Application for Naturalization, Form N-400, on May 7, 2013, and interviewed to determine

---

[2]See Complaint for Declaratory and Injunctive Relief ("Complaint"), Docket Entry No. 1, pp. 6-8.

[3]Grand Jury Indictment, Exhibit 1 to Defendants' Motion to Dismiss, Docket Entry No. 7-1. The court may consider this indictment because Plaintiff refers to his criminal conviction for indecency with a child in his Complaint and because the timeline of Plaintiff's conviction is central to his claim. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 287 (5th Cir. 2004) (citations omitted). Moreover, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citation omitted).

[4]Judgment on Plea of Guilty or Nolo Contendere Before Court - Waiver of Jury Trial ("Judgment"), The State of Texas vs. Santos Miguel Monterrubio, Exhibit 2 to Complaint, Docket Entry No. 1-2, p. 1.

[5]Id.

[6]Id.

[7]Id.

eligibility on October 12, 2016.[8] On November 1, 2016, the USCIS denied Monterrubio's application explaining that

> [b]ecause you have been convicted of an aggravated felony on or after November 29, 1990, you are permanently barred from establishing good moral character. Therefore, you are ineligible for naturalization.[9]

Monterrubio appealed and the USCIS reaffirmed the denial of naturalization on October 5, 2017.[10]

Monterrubio's Complaint seeks (1) an order pursuant to 8 U.S.C. § 1427 declaring that the final agency decision by USCIS was arbitrary and capricious, an abuse of discretion, and not in accordance with the law, (2) de novo review of his eligibility to seek naturalization under 8 U.S.C. § 1421(c) in accordance with the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and (3) injunctive relief.[11] Defendants filed a motion to dismiss arguing that Plaintiff has not stated a claim upon which relief may be granted on de novo review, and that the court lacks subject matter jurisdiction under the APA.[12]

---

[8]Decision, U.S. Citizenship and Immigration Services, Exhibit 3 to Complaint, Docket Entry No. 1-3, p. 2.

[9]Id.

[10]Notice of Decision, Re: Santos Miguel Monterrubio, Exhibit 4 to Complaint, Docket Entry No. 1-4, p. 1.

[11]See Complaint, Docket Entry No. 1, p. 2.

[12]See Defendants' Motion to Dismiss, Docket Entry No. 7, p. 11.

-3-

## II. Standards of Review

A. Motion to Dismiss Under Rule 12(b)(6)

Under the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's pleading must provide the grounds of his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do. . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "[C]ourts are required to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), claims based on invalid legal theories, even though they may be otherwise well-pleaded." Flynn v. State Farm Fire and Casualty Insurance Co. (Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)).

### B. Motion to Dismiss Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits parties to file motions challenging a district court's subject matter jurisdiction. "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998). The court must dismiss the action if it finds that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

As the party seeking to invoke federal jurisdiction, Monterrubio bears the burden of establishing subject matter

jurisdiction. Ramming, 281 F.3d at 161. The court may find that subject matter jurisdiction is lacking based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.; see also Randall D. Wolcott, M.D., P.A. v. Sebelius, 2011 WL 870724, at *4 (5th Cir. 2011, March 15, 2011). A court should grant a 12(b)(1) motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of [its] claim that would entitle [it] to relief." Home Builders Ass'n of Mississippi, Inc., 143 F.3d at 1010.

### III. Analysis

#### A. Date of Conviction of Monterrubio's Aggravated Felony

Pursuant to 8 U.S.C. § 1427(a), a person shall be naturalized only if he has been a person of good moral character during the five-year period immediately preceding the application for naturalization. 8 U.S.C. § 1427(a)(3). A person lacks good moral character if he has been convicted of an aggravated felony, as defined in section 101(a)(43) of the Immigration and Naturalization Act ("INA"), at any time on or after November 29, 1990. 8 C.F.R. 316.10(b)(ii). An aggravated felony includes "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Indecency with a child in violation of Texas Penal Code § 21.11(a)(1) constitutes sexual abuse of a minor and is therefore an aggravated

felony within the meaning of section 101(a)(43)(A) of the INA, 8 U.S.C. § 1101(a)(43)(A). In re Rodriguez-Rodriguez, 22 I. & N. Dec. 991, 993-96 (BIA 1999) (en banc); see also United States v. Ayala, 542 F.3d 494, 495 (5th Cir. 2008) (per curium) (affirming the district court's decision "[e]quating 'indecency with a child' under Texas law with 'sexual abuse of a minor'" for sentencing purposes). Because indecency with a child is an aggravated felony under the INA,[13] Monterrubio is barred from establishing that he is a person of good moral character and that he is eligible for naturalization, if he was "convicted" on or after November 29, 1990. 8 C.F.R. 316.10(b)(ii).

Monterrubio alleges that he is not barred from seeking naturalization because he was "convicted" for purposes of the INA on October 30, 1990.[14] He alleges that the USCIS used an incorrect date of judgment and requests the court to set aside the denial of his N-400 Application for Naturalization.[15] Defendants argue that Monterrubio was "convicted" on March 4, 1990.[16] "[W]hether or not a conviction exists for immigration purposes is a question of federal law and is not dependent on the vagaries of state law." Matter of Ali Mohamed Mohamed, Respondent, 27 I. & N. Dec. 92, 96 (BIA 2017) (quotation and citations omitted). Under the INA:

---

[13]Plaintiff does not contest that his conviction constitutes an aggravated felony under the INA.

[14]Complaint, Docket Entry No. 1, p. 9 ¶ 40.

[15]Id. at 9 ¶ 45.

[16]Defendants' Motion to Dismiss, Docket Entry No. 7, pp. 11-12.

> **48(A)** The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—
>
>> **(i)** a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>>
>> **(ii)** the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(48)(A)(i-ii). The Judgment states that the "Date of Judgment" was October 30, 1990, but that the court "withheld finding [Monterrubio] guilty."[17] Because the court "withheld" a finding of guilt, the conviction date is the date the judge ordered some form of punishment.[18] The Judgment states that the "Date Sentence Imposed" was "3-4-91"; on that date the court sentenced Monterrubio to ten years of confinement.[19] The Judgment states that it was "[s]igned and entered this the 4th day of March, A.D., 1991."[20] Therefore, for purposes of the INA, Monterrubio was "convicted" on March 4, 1991. Because he was convicted of an aggravated felony "on or after November 29, 1990," and thus cannot establish that he is eligible for naturalization under 8 C.F.R. § 316(b)(1)(ii), Monterrubio has failed to state a claim upon which relief may be granted.

---

[17]Judgment, <u>The State of Texas vs. Santos Miguel Monterrubio</u>, Exhibit 2 to Complaint, Docket Entry No. 1-2, p. 1.

[18]<u>Id.</u> at 1.

[19]<u>Id.</u>

[20]<u>Id.</u> at 2.

B.  Review Under the APA

The APA states that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. In 8 U.S.C. § 1421(c) Congress provided that

> [a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

Because denied naturalization applications are reviewed de novo by the court under section 1421, "Congress has [] afforded the [applicants] a complete and wholly adequate review" that precludes Monterrubio from invoking the APA's judicial review procedures. Aparicio v. Blakeway, 302 F.3d 437, 447 (5th Cir. 2002).

## IV.  Conclusions and Order

For the reasons explained above, Defendants' Motion to Dismiss (Docket Entry No. 7) is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 16th day of May, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE